UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO HERRERA,

          Plaintiff,

  -against-

STEVEN MADDEN,

          Defendant,

  -and-

STEVEN MADDEN, LTD.,

          Nominal Defendant.

---

PEDRO HERRERA,

          Plaintiff,

  -against-

JAMIESON KARSON, et al.,

          Defendants,

  -and-

STEVEN MADDEN, LTD.,

          Nominal Defendant.

Civ. No. 00-5803 (JG)



Civ. No. 01-7868 (JG)

## STIPULATION AND AGREEMENT
## OF COMPROMISE, SETTLEMENT AND RELEASE

    The parties to the above-captioned actions (the "Parties" and the "Action," respectively), by and through their undersigned counsel, have entered into the following Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation" or





"Settlement") pursuant to the terms and conditions set forth below and subject to the approval of the United States District Court for the Eastern District of New York:

WHEREAS:

(a)     Plaintiff Pedro Herrera ("Plaintiff") alleges that he is a beneficial holder of common stock of Steven Madden, Ltd. (the "Company" or "SML") and alleges to have been such prior to and at the time of the alleged transactions which are the subject of the Action, and throughout the course of the Action;

(b)     On or about September 26, 2000, Plaintiff commenced a putative shareholder derivative action in the United States District Court for the Eastern District of New York, captioned <u>Herrera v. Steven Madden and Steven Madden, Ltd.</u>, 00 CV 5803 (JG) (the "First Derivative Action") against Steven Madden and the Company (as nominal defendant). In the First Derivative Action, Plaintiff asserted that defendant Steven Madden breached fiduciary duties by engaging in certain allegedly fraudulent activities. Plaintiff seeks to recover alleged damages on behalf of the Company resulting from Mr. Madden's alleged breach of fiduciary duties and to require him to disgorge certain of his profits, bonuses and stock option grants. Plaintiff filed an Amended Complaint on January 3, 2001 and a Second Amended Complaint on October 1, 2001. On November 2, 2001, the Company and Steven Madden filed motions to dismiss the Second Amended Complaint on the grounds that Plaintiff had failed to make a pre-litigation demand upon the Company's board of directors, as required by Delaware law, or plead facts demonstrating that demand was excused. On March 22, 2002, the Court denied the motions to dismiss.

(c)     On or about November 28, 2001, Plaintiff commenced a second putative shareholder derivative action in the United States District Court for the Eastern District of New

2

York, captioned <u>Herrera v. Karson, et al. and Steven Madden, Ltd.</u>, 00 CV 7868 (JG) (the "Second Derivative Action"). Named as defendants therein are the Company (as nominal defendant) and certain of the Company's present and/or former directors, specifically, Jamieson Karson, Charles Koppelman, Arvind Dharia, John L. Madden, Steven Madden, Peter Migliorini, Heywood Wilansky, and Rhonda J. Brown (collectively referred to as the "Director Defendants") (collectively with the defendants from the First Derivative Action, the "Defendants"). The complaint alleges that the Director Defendants breached their fiduciary duties to the Company in connection with their approval of an employment agreement with Mr. Madden in or about May 2001. The complaint seeks declaratory and other equitable relief, as well as an unspecified amount of compensatory damages, costs and expenses. On or about February 1, 2002, Plaintiff filed an Amended Shareholder Derivative Complaint in the Second Derivative Action, which contains substantially the same allegations and names the same defendants as the original complaint.

(d)     On February 6, 2002, The Honorable A. Simon Chrein, United States Magistrate Judge, recommended that the First and Second Derivative Actions be consolidated. On March 21, 2002, The Honorable John Gleeson, United States District Court Judge, adopted this recommendation. The First Derivative Action and the Second Derivative Action are referred to collectively herein as the "Action."

(e)     Between June and August 2000, several putative class action lawsuits were commenced in the United States District Court for the Eastern District of New York against the Company, Steven Madden, and, in some of the actions, the Company's then-President and its Chief Financial Officer, which actions were consolidated by the Court on

December 8, 2000.  This consolidated action, entitled <u>In re Steven Madden Ltd. Securities Litigation</u>, CV-00-3676 (JG), is currently pending before Judge Gleeson (the "Class Action").

(f)    On October 31, 2001, a second consolidated amended class action complaint was filed.  The second consolidated amended class action complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by issuing false and misleading statements and failing to disclose material adverse information relating, among other things, to certain matters and allegations concerning Mr. Madden.  The complaint seeks an unspecified amount of compensatory damages, costs and expenses on behalf of the plaintiff and all other purchasers of the Company's common stock during the period June 21, 1997 through June 20, 2000.

(g)    As of January 2002, motions to dismiss the Class Action complaint were fully briefed.  Since that time, a settlement in principle of the Class Action has been reached, subject to execution of definitive settlement documentation, notices to class members, and a hearing and approval by the Court.

(h)    Plaintiff, through counsel, represents that he has made a thorough investigation of the facts and circumstances relevant to the Action by, among other things, (i) examining documents obtained from the Company in discovery and through Plaintiff's own investigation; (ii) reviewing and analyzing confirmatory discovery obtained from the Class Action; and (iii) researching the legal principles pertaining to the claims asserted in the Action.

(i)    Although Plaintiff believes that the claims asserted in the Action have merit, Plaintiff also believes that the Settlement provided for herein has provided and will provide substantial benefits to the Company and its stockholders which outweigh the continued risk of litigation.  In addition to the substantial benefits provided by the Settlement to the

4

Company and its stockholders, Plaintiff and Plaintiff's counsel have considered the expense and length of time necessary to prosecute the Action through trial, the defenses available to the Defendants, the uncertainties of the outcome of the Action, the likelihood of recovering significant additional monies or other consideration from the Defendants in the event of a judgment favorable to Plaintiff, and the fact that resolution of the Action by trial, if favorable to Plaintiff, would likely be submitted for appellate review, as a consequence of which it might be many years until there would be a final adjudication of the claims and defenses asserted. In light of these considerations, Plaintiff, through counsel, has engaged in arm's length negotiations with counsel for the Defendants to arrive at the proposed Settlement set forth in this Stipulation, which Plaintiff believes is fair, reasonable, adequate, and in the best interests of the Company and its stockholders.

(j)    The Defendants deny all allegations of wrongdoing, liability or damage whatsoever by reason of any of the matters complained of in the Action, and contend that they acted properly and lawfully at all times. Nevertheless, the Defendants have agreed in the interests of all concerned, to settle and compromise the Action on the terms hereinafter set forth in order to eliminate the burden, distraction and expense of further litigation, and to finally put to rest any and all claims that were or could have been asserted in the Action or arising out of the allegations set forth in the pleadings, without in any way determining fault or liability.

NOW, THEREFORE, IN CONSIDERATION FOR THE FULL SETTLEMENT, SATISFACTION AND COMPROMISE OF THE ACTION, IT IS STIPULATED AND AGREED, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 23.1, that the Action be compromised, settled and dismissed on the merits and with prejudice as to Defendants, upon and subject to the following terms and conditions:

5

1.      Subject to approval of the Settlement by this Court and consummation of the Settlement pursuant to the terms set forth herein, any and all claims, rights, causes of action, suits, matters and issues, known or unknown, liquidated or unliquidated, contingent or absolute, state or federal (including, without limitation, claims arising under the federal securities laws and the rules and regulations thereunder), in law or equity, that have been, could have been, or in the future could be asserted by (a) the Company, (b) any person acting or purporting to act on behalf of the Company, (c) the Plaintiff, or (d) any successors or assigns of the parties listed in subsections (a) through (c) (the persons and entities listed in subsections (a) through (d) are referred to collectively as the "Releasors"), either directly, indirectly, derivatively, or in any other capacity, in any court of competent jurisdiction or other forum, against individual defendant Steven Madden, the Director Defendants, individually and collectively, the Company or against any of their respective present or former directors, officers, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, commercial bankers, insurers, reinsurers, trustees, parents, affiliates, subsidiaries, general and limited partners, heirs, executors, personal representatives, administrators, successors and assigns, or anyone else (collectively, the "Released Parties"), in connection with, arising out of, concerning or relating to, directly or indirectly, the subject matter of the Action, or any of the acts, facts, decisions, events, transactions or occurrences alleged in any pleading filed by any party in the Action, or which could have been asserted against any of the Released Parties in connection with the Action, whether arising under any state or federal, statutory, regulatory or common law or otherwise, shall be compromised, settled, withdrawn, retracted, released and forever discharged and dismissed with prejudice.  The claims, rights, causes of action, suits, matters and issues to be

6

compromised, settled, withdrawn, retracted, released and forever discharged and dismissed hereunder are referred to as the "Settled Claims."

2.    Each of the Releasors acknowledges that there is a risk that, subsequent to the execution of this Stipulation, he, she or it may suffer damage or loss which he, she or it deems in some way attributable to the actions or inaction of the Released Parties, but that is unknown and unanticipated at the time the Stipulation is signed, or that damages presently known may become progressive, greater or more serious than is now known, expected or anticipated, or that the facts may be found hereafter to be different from the facts now believed by he, she or it to be true. The Releasors, individually and collectively, expressly accept such risks and agree that this Stipulation and Settlement is and will remain effective notwithstanding such risks if they occur.

3.    The Releasors waive any and all rights (to the extent permitted by state law, federal law, principles of common law or any other law) which may have the effect of limiting the release set forth in Paragraph 1 hereto. More specifically, the Releasors waive their right, to the extent permitted by law, to any benefits of the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, principle of common law or other law, which may have the effect of limiting the release set forth in Paragraph 1 hereto. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

4.     Plaintiff, through counsel, represents (a) that he has read this Stipulation, including the release contained in Paragraph 1 hereof, and fully understands its contents, (b) that he has consulted with counsel prior to and in connection with the execution of this Stipulation and the consummation of the Settlement contemplated thereby, and (c) that he enters into this Stipulation and Settlement voluntarily and knowingly and without any coercion or duress of any kind.

5.     The Parties agree that the settlement fund in the Class Action, which litigation asserts claims substantially related to certain of the claims asserted in the Action, was paid on behalf of the Company by the Company's directors and officers' liability insurance carrier in part to resolve the claims asserted against the Defendants in the Action. Defendants acknowledge that the Action was pending and being prosecuted at the time of the decision to settle the Class Action and the desirability of satisfactorily addressing the circumstances identified and claims charged in the Action was a consideration and factor in connection with their efforts to resolve the Class Action. As a result thereof, a $9 million payment has been made by the Company's directors and officers' liability insurance carriers to assist in the discharge of the Company's payment obligation in connection with the proposed settlement of the Class Action. In that regard, the Defendants have used their best efforts to minimize, to the fullest extent possible, the Company's exposure for monetary damages and costs in the Class Action by causing the insurance carriers to make such payments.

6.     The Parties additionally agree that, as further consideration for the resolution of the Action, the Second Amended Employment Agreement, dated as of May 21, 2001, between the Company and Mr. Steven Madden (the "Employment Agreement") shall be amended to reflect the following:

A.   Section 3 shall provide that the term of Madden's employment shall be for a period of eleven (11) years commencing July 1, 2001 and ending on June 30, 2012.

B.   Section 4.4 shall provide that Madden shall be eligible to receive options to purchase shares of common stock of SML in an amount equal to not less than 100% of the largest aggregate amount of annual option grants to any other continuing full-time employee of SML (the "Base Amount"); that the Board of Directors may determine, if consistent with the opinion of a qualified outside compensation consultant, that Madden is eligible to receive options to purchase between 100%-150% of the Base Amount; and that approval by SML shareholders shall be required if Madden is to receive options to purchase in excess of 150% of the Base Amount.

C.   Section 5.5(a) shall further provide that, within 30 days following a Change of Control (as defined in the Employment Agreement), Madden may quit (with or without Good Reason) and elect to receive either (i) all compensation provided in Sections 4.1, 4.3 and 4.6 of the Employment Agreement, as amended by paragraph 6.D herein, for the full term remaining thereunder (as though there had been no Change of Control event) in a lump sum payment discounted back to present value at a rate of 5%, or (ii) the Change of Control payment that was originally provided for in Section 5.5(a), as amended by paragraph 6.D herein. Section 5.5(b) shall be amended to provide that SML will pay Madden a gross-up payment in the event that any payment made to Madden (whether pursuant to the terms of the Employment Agreement or any other plan, arrangement, or agreement with SML) is determined to be subject to an excise tax under Section 4999 of the Internal Revenue Code of 1986, as amended. The text of the amended Section 5.5(b) is set forth as follows:

"(b)(i) In the event that any payment (or portion thereof) to Employee (whether pursuant to the terms of this Agreement or any other plan, arrangement, or agreement with the Corporation) is determined to be subject to an excise tax under Section 4999 of the Code (an "Excise Tax"), the Corporation shall pay to Employee an additional amount (the "Gross Up Payment") which shall be equal to the sum of (1) the amount of the Excise Tax, plus (2) the amount of any interest, penalties or additions to tax which are imposed in connection with the imposition or collection of the Excise Tax, plus (3) the amount of all Federal, State or local income, excise or other taxes imposed on Employee by reason of the payments described in clause (1), clause (2) and this clause (3).  For purposes of computing the Gross Up Payment, Employee shall be deemed to be subject to tax at the highest marginal rate under all applicable tax laws for the year in which the Gross Up Payment is made.

9

(ii)    All computations under this Section 5.5(b) shall be initially made by the Corporation and the Corporation shall provide written notice thereof to Employee in sufficient time to timely file all applicable tax returns. Upon Employee's request, the Corporation shall provide Employee with sufficient data to enable Employee or his representative to independently compute the Gross Up Payment. If Employee gives written notice to the Corporation of any objection to the Corporation's initial computation of the Gross Up Payment within 60 days of Employee's receipt of written notice thereof, the dispute shall be resolved by tax counsel selected by the independent auditors of the Corporation. The Corporation shall pay all fees and expenses of such tax counsel. Pending resolution by tax counsel, the Corporation shall pay Employee the Gross Up Payment determined by it in good faith; if the dispute is resolved in favor of Employee, the Corporation shall make such additional payment as may be required within 60 days after tax counsel's determination.

(iii)    The determination by such tax counsel shall be conclusive and binding upon all parties, other than the Internal Revenue Service, a court of competent jurisdiction, or another duly empowered government agency (a "Tax Authority"). In the event that a Tax Authority finally determines that an additional Excise Tax is owed by Employee, the Corporation shall promptly make an additional Gross Up Payment, determined as provided herein, with respect to such additional Excise Tax. If the Excise Tax paid by Employee is finally determined by a Tax Authority to exceed the amount required to have been paid, then Employee shall promptly repay any excess Gross Up Payment to the Corporation."

D.    Section 5.5 shall provide that, in the event of a Change of Control, (i) the cash bonus provided in Section 4.3 shall be calculated based on the greater of (1) the amount earned, i.e., paid or accrued (or which should have been paid or accrued), for the preceding 12-month period ending December 31 or (2) the amount earned, i.e., paid or accrued (or which should have been paid or accrued), for fiscal year 2002 and (ii) the amount of the non-accountable expense allowance provided in Section 4.6 shall be $200,000.

E.    No further amendments effecting any material change with respect to Madden's compensation, including bonuses, shall be made for a period of three (3) years without the approval of a majority of the Board's independent directors or a majority vote of the Company's shareholders voting at a regular or special meeting of shareholders.

7.    As soon as practicable after this Stipulation has been executed, the Parties shall apply to the Court for an Order (the "Scheduling Order") substantially in the form attached

hereto as Exhibit A with respect to the settlement hearing and settlement administration, and providing for the mailing of the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear (the "Notice"), substantially in the form attached hereto as Exhibit B.

8.    The Company shall bear the costs of providing notice of the Settlement to the Company's stockholders and shall bear the expense of preparing and mailing the Notice whether or not the Settlement is approved by the Court.

9.    If, following a hearing, the Settlement provided for herein shall be approved by the Court as fair, reasonable, adequate and in the best interests of the Company and its stockholders, the Parties hereto shall jointly move the Court for the entry of an Order and Final Judgment, substantially in the form attached hereto as Exhibit C (the "Final Judgment").

10.    If the Settlement is approved by the Court, Plaintiff, through counsel, intends to apply for an award of attorneys' fees and actual expenses not to exceed a total of $400,000, including all costs.  The Company's directors and officers' liability insurance carrier will pay and the Company will not oppose an award of fees and appropriate expenses within the aforesaid limit, but Defendants reserve the right to oppose any other application made to the Court by or on behalf of Plaintiff or any of the Company's stockholders or former stockholders for an award of attorneys' fees and/or expenses of any kind or character.  Notwithstanding the foregoing, it is understood and agreed that neither the individual Defendants, including without limitation each of the Director Defendants, nor any of their respective affiliates, agents, or other representatives, individually or collectively, shall be held liable for any fees, costs or expenses of the Plaintiff in connection with the Action.  Any such fees, costs and expenses shall be paid

solely from the funds, if any, attributable to payments received from the Company's directors and officers' liability insurance carrier.

      11.    The Effective Date of the proposed Settlement shall be three (3) business days after the later of the expiration of (a) the time for filing or noticing of an appeal from the Court's Final Judgment approving the Settlement, if no such appeal is filed, (b) if separately ordered, the time for filing or noticing of an appeal from the order awarding attorneys' fees, costs and expenses to Plaintiff's counsel, if no such appeal is filed, or (c) the date of final affirmance or dismissal of any appeal, and the expiration of any applicable period for the reconsideration, rehearing or appeal of such affirmance or dismissal, without any motion for reconsideration, rehearing or further appeal having been filed.

      12.    If (a) the Court declines, in any respect, to enter the Final Judgment referred to in Paragraph 9 above, and any of the Parties fails to consent to the entry of another form of Order in lieu thereof, or (b) the Court approves the Settlement proposed herein, including any amendments thereto agreed upon by all the Parties, but such approval is reversed on appeal or petition for writ of certiorari and such reversal becomes final by a lapse of time or otherwise, or (c) the Settlement otherwise fails to become effective according to its terms, then, in any such event, this Stipulation, including any amendments thereto, shall be of no further force or effect and this Stipulation and any amendments thereto and the Settlement proposed herein shall be null and void, without prejudice to any party hereto, and may not be introduced as evidence or referred to in any proceedings, and each party hereto shall be restored to his, her or its respective position as it existed immediately prior to the execution of this Stipulation, except that the Company shall not be entitled to reimbursement of costs of providing notice pursuant to Paragraph 7 above, and except Paragraphs 14 and 15, which shall survive. For purposes of this

provision, a disallowance or modification of the attorneys' fees, costs and expenses requested by Plaintiff's counsel shall not be deemed a modification or disapproval of the Settlement or the Final Judgment.

13.    Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and each of the Parties hereto submits to the jurisdiction of the Court for purposes of implementing the terms and conditions embodied in this Stipulation.

14.    Neither this Stipulation nor the Settlement (or any of its provisions or exhibits), nor any negotiations, communications or proceedings in connection therewith, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, whether the Settlement becomes final or not: (a) is, or may be deemed to be, or may be used as, an admission, presumption or concession of, or evidence of, the validity of any Settled Claims, or of any wrongdoing, fault or liability whatsoever, of any Defendant or of any damages to Plaintiff or the putative Class from the Class Action or that any of the allegations in any of the above-referenced complaints are true, or of any infirmity in the defenses that Defendants had intended to, could have or did assert in the Action or Class Action, nor are such defenses waived; (b) is, or may be deemed to be, or may be used as, an admission, presumption or concession of, or evidence of, any wrongdoing, fault or liability of any Defendant in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement or the Final Judgment, except that if the Settlement is approved, Defendants may file and use this Stipulation or the Judgment in any action or proceeding in order to support a

defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, waiver, equitable estoppel, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense, claim or counterclaim.

15.    This Settlement shall not be deemed to be an admission by Plaintiff that the claims asserted in the Action are without merit, or that the damages purportedly suffered by the Company as alleged in the Action are not greater than the Settlement Amount.    This Settlement shall not be deemed to be an admission by any Defendant that the claims asserted in the Action are meritorious or that the Company suffered any injury as a result of any actions by them alleged in the Complaint.

16.    The fairness, reasonableness and adequacy of the Settlement may be considered and ruled upon by the Court independently of any award of attorneys' fees, costs or expenses requested by Plaintiff's counsel.    The allowance or disallowance by the Court, in whole or in part, of any application by Plaintiff's counsel for attorneys' fees, costs, and expenses, including the fees of experts and consultants, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Final Judgment.

17.    Each attorney executing this Stipulation on behalf of one or more parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective clients.    The Releasors represent that they have not assigned, transferred or otherwise alienated any portion of any Settled Claim to any other person or entity in any manner, whether by way of operation of law or otherwise.

18.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto, including any and all Released Parties and any

14

corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

19.    This Stipulation shall be interpreted according to Delaware law, without reference to Delaware's principles of conflicts of law.

20.    The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to or contemporaneous with, this Stipulation.

21.    The Parties hereto and their attorneys agree to cooperate fully with one another and to use their reasonable best efforts in seeking Court approval of this Stipulation and the Settlement.

22.    Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

23.    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties hereto with respect to the subject matter hereof, and no representations, warranties or inducements, whether written or oral, have been made to anyone concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  The Parties expressly disclaim reliance upon any oral or written representations, warranties or inducements in deciding to enter into the Stipulation and Settlement, other than the representations, warranties and covenants contained and memorialized in the Stipulation and the Exhibits attached thereto.  To the extent that there is an ambiguity or inconsistency between this Stipulation and any of the Exhibits hereto, the terms of this Stipulation shall govern.  Except as otherwise provided herein, each party shall bear his, her or its own costs.

24.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Releasors against the Released Parties with respect to the Settled Claims as described more particularly in Paragraph 1 hereof. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached knowingly and voluntarily and without duress or coercion of any kind, after consultation with experienced legal counsel.

25.     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by their reference.

26.     This Stipulation and the Exhibits hereto (a) may be amended or modified only by a written instrument signed by or on behalf of all of the Parties hereto or their successors-in-interest, and (b) cannot be modified, amended or changed in any respect orally or by the conduct of the Parties.

27.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

28.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided, that no party shall be bound hereby until all Parties have executed and delivered same. The undersigned counsel for the Parties shall exchange among themselves original signed

counterparts, and a complete set of original executed counterparts of this Stipulation shall be filed with the Court.

29.    The Parties agree and covenant that they will jointly request that the Notice described in Paragraph 7 hereof be disseminated at the same time as notice is given to the Class in the Class Action and further that they will jointly request that the Court schedule any hearing to consider the Settlement of the Action at the same date and time as the settlement in the Class Action is to be considered.

AGREED TO THIS *16th* day of July, 2003.

Cadwalader, Wickersham & Taft LLP

By: _____
    Jason M. Halper (JH 8310)
100 Maiden Lane
New York, NY  10038
Attorneys for Jamieson Karson, Charles
Koppelman, Arvind Dharia, John L. Madden,
Peter Migliorini, Heywood Wilansky
and Steven Madden, Ltd.

Skadden, Arps, Slate, Meagher
& Flom LLP

By: _____
    Jonathan J. Lerner (JL 7117)
Four Times Square
New York, NY  10036
Attorneys for Steven Madden

Weil, Gotshal & Manges LLP

By: _____
    Joseph S. Allerhand (JA 3201)
    Seth Goodchild (SG 2296)
767 Fifth Avenue
New York, NY  10153
Attorneys for Rhonda J. Brown
and Steven Madden, Ltd.

Goodkind, Labaton, Rudoff &
Sucharow, LLP

By: _____
    Laurence D. Paskowitz (LP 7324)

100 Park Avenue
New York, NY  10007
Attorneys for Plaintiff

17

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

PEDRO HERRERA,

                   Plaintiff,

     -against-

STEVEN MADDEN,

                   Defendant,

     -and-

STEVEN MADDEN, LTD.,

                   Nominal Defendant.

Civ. No. 00-5803 (JG)

---

PEDRO HERRERA,

                   Plaintiff,

     -against-

JAMIESON KARSON, et al.,

                   Defendants,

     -and-

STEVEN MADDEN, LTD.,

                   Nominal Defendant.

Civ. No. 01-7868 (JG)

---

## SCHEDULING ORDER WITH RESPECT
## TO NOTICE AND SETTLEMENT HEARING

       WHEREAS, the parties (the "Parties") to the above-captioned consolidated actions (the "Action") have entered into a Stipulation and Agreement of Compromise, Settlement and Release dated July 18, 2003 (the "Stipulation"), which sets forth the terms and conditions for

the proposed settlement and dismissal with prejudice of the Action (the "Settlement") and which is subject to review by this Court pursuant to Federal Rule of Civil Procedure 23.1 upon notice to the stockholders of Steven Madden, Ltd. (the "Company");

NOW, upon consent of the Parties, and after review and consideration of the Stipulation filed with the Court and the Exhibits attached thereto,

IT IS HEREBY ORDERED this _____ day of _____, 2003 as follows:

1.     A hearing (the "Settlement Hearing") shall be held on _____, 2003 at __ _.m., before the United States District Court for the Eastern District of New York, to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Company and its stockholders and should be approved by the Court, and whether an Order and Final Judgment (the "Final Judgment") as provided in the Stipulation should be entered dismissing the Action with prejudice and extinguishing and releasing the Settled Claims (as defined in the Stipulation); (b) rule on the application of plaintiff's counsel for an award of attorneys' fees and actual expenses incurred in the prosecution of the Action; (c) hear and determine any objections to the proposed Settlement; and (d) rule on such other matters as the Court may deem appropriate. The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the Parties to the Action.

2.     The Court approves, in form and content, the "Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear" (the "Notice"), substantially in the form attached to the Stipulation as Exhibit B, and finds that the giving of notice substantially in the manner set forth below meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the

circumstances, and constitutes due and sufficient notice of the Settlement Hearing and the proposed Settlement to all persons affected by the proposed Settlement or entitled to participate in the Settlement Hearing.

3.      No later than thirty (30) days before the Settlement Hearing, the Company shall mail the Notice by first class mail, postage prepaid, to all stockholders of the Company as of the date of this Order as shown on the stock records maintained by or on behalf of the Company. The Company will make available additional copies of the Notice to any stockholders of record requesting copies of the Notice for purposes of distribution to beneficial owners of shares of the Company's stock. At or prior to the Settlement Hearing, the Company shall file an affidavit attesting to compliance with the notice provisions of this Order. All expenses relating to the Notice shall be paid by the Company in accordance with the terms of the Stipulation.

4.      Any stockholder of the Company may appear at the Settlement Hearing, in person or by counsel, and show cause why the Proposed Settlement should not be approved as fair, reasonable, adequate and in the best interests of the Company and its stockholders, why plaintiff's counsel should not be awarded reasonable attorneys' fees and expenses, or why the proposed Final Judgment should not be entered dismissing the Action with prejudice and extinguishing and releasing the Settled Claims as provided for in the Stipulation; provided that no person shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the attorneys' fees and expenses requested, or, if approved, the Final Judgment to be entered approving the same, unless no later than ten (10) days before the Settlement Hearing, that person has served, by hand or by first class mail, (a) a notice of intention to appear; (b) a detailed statement of such person's objections to any matter before the Court, which shall (i) contain a statement of all the grounds therefor or the reasons for such

- 3 -

making any objection to the proposed Settlement and the requested attorneys' fees and expenses and shall be bound by any judgment or order entered herein.

5.    All discovery and other proceedings in the Action are stayed and suspended until further Order of the Court.  Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no stockholder or any other person or entity may institute, commence or prosecute any action or proceeding (a) in which said person or entity is acting or purporting to act on behalf of the Company, and (b) which involves any claim (i) which has been or could have been asserted in the Action, or (ii) which arises out of or in any way relates to any acts, facts, transactions, representations, omissions or other subject matter set forth, alleged, embraced or otherwise referred to in the complaints in the Action or in the Stipulation.

6.    In the event the proposed Settlement is not approved by the Court, or if for any other reason the proposed Settlement shall not become final and unappealable, the Stipulation shall, without any further act by any party thereto, become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever.  In such event, the Stipulation and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all Parties thereto, each of whom shall be restored to their respective positions existing prior to the date of the Stipulation, except that all expenses incurred in giving notice of the proposed Settlement shall be borne by the Company.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO HERRERA, | |
|       Plaintiff, | Civ. No. 00-5803 (JG) |
|   -against- | |
| STEVEN MADDEN, | |
|       Defendant, | |
|   -and- | |
| STEVEN MADDEN, LTD., | |
|       Nominal Defendant. | |
| PEDRO HERRERA, | |
|       Plaintiff, | Civ. No. 01-7868 (JG) |
|   -against- | |
| JAMIESON KARSON, et al., | |
|       Defendants, | |
|   -and- | |
| STEVEN MADDEN, LTD., | |
|       Nominal Defendant. | |

**NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT HEARING AND RIGHT TO APPEAR**

**TO:   ALL RECORD AND BENEFICIAL OWNERS OF SHARES OF THE COMMON STOCK OF STEVEN MADDEN, LTD. (THE "COMPANY"). BROKERAGE FIRMS, BANKS AND/OR OTHER PERSONS OR ENTITIES WHO HOLD THE**

COMPANY'S SHARES, WHO ARE NOT ALSO BENEFICIAL OWNERS, ARE REQUESTED PROMPTLY TO FORWARD THIS NOTICE TO THE BENEFICIAL OWNERS OF SUCH SHARES.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE PROPOSED SETTLEMENT, OR FROM PURSUING THE SETTLED CLAIMS.

NOTICE IS HEREBY GIVEN, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and a Scheduling Order With Respect to Notice and Settlement Hearing of the United States District Court for the Eastern District of New York (the "Court"), dated _____, 2003 (the "Order"), that a hearing will be held before the Court on _____, 2003 at ___ _.m. (the "Settlement Hearing") to: (a) determine whether a proposed settlement of the above-captioned consolidated actions (the "Action"), as set forth in a Stipulation and Agreement of Compromise, Settlement and Release dated July 18, 2003 (the "Stipulation" or "Settlement") is fair, reasonable, adequate and in the best interests of the Company and its stockholders and should be approved by the Court and whether an Order and Final Judgment as provided in the Stipulation should be entered dismissing the Action with prejudice and extinguishing and releasing the Settled Claims (as defined in the Stipulation); (b) rule on the application of plaintiff's counsel for attorneys' fees and reimbursement of the costs and actual expenses incurred in the prosecution of the Action; (c) hear and determine any objections to the proposed Settlement; and (d) rule on such other matters as the Court may deem appropriate.

This "Notice" describes the rights you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement. If the Court approves

the Settlement, the parties will ask the Court at the Settlement Hearing to enter the Order and Final Judgment dismissing the Action with prejudice.

THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE COURT BUT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY PARTY.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Pedro Herrera ("Plaintiff") alleges that he is a beneficial holder of common stock of Steven Madden, Ltd. (the "Company") and alleges to have been such prior to and at the time of the alleged transactions which are the subject of the Action, and throughout the course of the Action.

On or about September 26, 2000, Plaintiff commenced a putative shareholder derivative action in the United States District Court for the Eastern District of New York, captioned Herrera v. Steven Madden and Steven Madden, Ltd., 00 CV 5803 (JG) (the "First Derivative Action") against Steven Madden and the Company (as nominal defendant). In the First Derivative Action, Plaintiff asserted that defendant Steven Madden breached fiduciary duties by engaging in certain allegedly fraudulent activities. Plaintiff seeks to recover alleged damages on behalf of the Company resulting from Mr. Madden's alleged breach of fiduciary duties and to require him to disgorge certain of his profits, bonuses and stock option grants. The Company was named as a nominal defendant. On January 3, 2001, Plaintiff filed an Amended Complaint in the First Derivative Action. Thereafter, on October 1, 2001, Plaintiff filed a Second Amended Complaint in the First Derivative Action. On November 2, 2001, the

Company and Steven Madden filed motions to dismiss the Second Amended Complaint on the grounds that Plaintiff had failed to make a pre-litigation demand upon the Company's board of directors, as required by Delaware law, or plead facts demonstrating that demand was excused. On March 22, 2002, the Court denied the motions to dismiss.

On or about November 28, 2001, Plaintiff commenced a second putative shareholder derivative action in the United States District Court for the Eastern District of New York, captioned <u>Herrera v. Karson, et al.</u>, 00 CV 7868 (JG) (the "Second Derivative Action"). Named as defendants therein are the Company (as nominal defendant) and certain of the Company's present and/or former directors, specifically, Jamieson Karson, Charles Koppelman, Arvind Dharia, John L. Madden, Steven Madden, Peter Migliorini, Heywood Wilansky and Rhonda J. Brown (collectively referred to as the "Director Defendants") (collectively with the defendants from the First Derivative Action, the "Defendants"). The complaint alleges that the Director Defendants breached their fiduciary duties to the Company in connection with their approval of an employment agreement for Mr. Madden in or about May 2001. The complaint seeks declaratory and other equitable relief, as well as an unspecified amount of compensatory damages, costs and expenses. On or about February 1, 2002, Plaintiff filed an Amended Shareholder Derivative Complaint in the Second Derivative Action, which contains substantially the same allegations and names the same defendants as the original complaint.

On February 6, 2002, The Honorable A. Simon Chrein, United States Magistrate Judge, recommended that the First and Second Derivative Actions be consolidated. On March 21, 2002, the Honorable John Gleeson, United States District Court Judge, adopted this recommendation. The First and Second Derivative Actions are collectively referred to herein as the "Action."

Between June and August 2000, several putative class action lawsuits were commenced in the United States District Court for the Eastern District of New York against the Company, Steven Madden, and, in some of the actions, the Company's then-President and its Chief Financial Officer, which actions were consolidated by the Court on December 8, 2000 (the "Class Action").

On October 31, 2001, a second consolidated amended class action complaint was filed, alleging that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by issuing false and misleading statements and failing to disclose material adverse information relating, among other things, to certain matters and allegations concerning Mr. Madden. The complaint seeks an unspecified amount of compensatory damages, costs and expenses on behalf of the plaintiffs and all other purchasers of the Company's common stock during the period June 21, 1997 through June 20, 2000.

As of January 2002, motions to dismiss the Class Action complaint were fully briefed. Since that time, a settlement in principle of the Class Action has been reached, subject to execution of definitive settlement documentation, notices to class members, and a hearing and approval by the Court.

Plaintiff, through counsel, represents that he has made a thorough investigation of the facts and circumstances relevant to the Action, by among other things, (i) examining documents obtained from the Company and through Plaintiff's own investigation; (ii) reviewing and analyzing confirmatory discovery from the Class Action; and (iii) researching the legal principles pertaining to the claims asserted in the Action.

## REASONS FOR THE SETTLEMENT

Although Plaintiff believes that the claims asserted in the Action have merit, Plaintiff also believes that the Settlement provided for herein has provided and will provide substantial benefits to the Company and its stockholders which outweigh the continued risk of litigation. In addition to the substantial benefits provided by the Settlement to the Company and its stockholders, Plaintiff and Plaintiff's counsel have considered the expense and length of time necessary to prosecute the Action through trial, the defenses available to the Defendants, the uncertainties of the outcome of the Action, the likelihood of recovering significant additional monies or other consideration from the Defendants in the event of a judgment favorable to Plaintiff, and the fact that resolution of the Action by trial, if favorable to Plaintiff, would likely be submitted for appellate review, as a consequence of which it might be many years until there would be a final adjudication of the claims and defenses asserted. In light of these considerations, Plaintiff, through counsel, has engaged in arm's length negotiations with counsel for the Defendants to arrive at the proposed Settlement set forth in this Stipulation, which Plaintiff believes is fair, reasonable, adequate, and in the best interests of the Company and its stockholders.

The Defendants deny all allegations of wrongdoing, liability or damage whatsoever by reason of any of the matters complained of in the Action, and contend that they acted properly and lawfully at all times. Nevertheless, the Defendants have agreed in the interests of all concerned, to settle and compromise the Action on the terms hereinafter set forth in order to eliminate the burden, distraction and expense of further litigation and to finally put to rest any and all claims that could have been asserted in the Action or arising out of the allegations set forth in the pleadings without in any way determining fault or liability.

## TERMS OF THE SETTLEMENT

The terms and conditions of the Settlement are set forth in detail in the Stipulation, which is on file with the Court. The Stipulation is subject to and becomes effective only upon final approval of the Court.

The following description of the Settlement is only a summary. Reference should be made to the text of the Stipulation on file with the Court for a full statement of its provisions.

The Parties agree that the settlement fund in the Class Action, which litigation asserts claims substantially related to certain of the claims asserted in the Action, was paid on behalf of the Company by the Company's directors and officers' liability insurance carrier in part to resolve the claims asserted against the Defendants in the Action. Defendants acknowledge that the Action was pending and being prosecuted at the time of the settlement of the Class Action and the desirability of satisfactorily addressing the circumstances identified and claims charged in the Action was a consideration and factor in connection with their efforts to resolve the Class Action. As a result thereof, a $9 million payment has been made by the Company's directors and officers' liability insurance carriers to assist in the discharge of the Company's payment obligation in connection with the proposed settlement of the Class Action. In that regard, the Defendants have used their best efforts to minimize, to the fullest extent possible, the Company's exposure for monetary damages and costs in the Class Action by causing the insurance carriers to make such payments.

As further consideration for resolution of the Action, Defendants will amend the Second Amended Employment Agreement, dated as of May 21, 2001, between the Company and Mr. Steven Madden (the "Employment Agreement"). The amendment will provide that Mr. Madden's annual option bonus will equal not less than 100% of the largest aggregate amount

granted to any other full-time employee of the Company for the applicable year (the "Base Amount") reduced from 150%, but that amount can be increased to up to 150% of the Base Amount if approved by the Board of Directors and an outside compensation consultant and can be increased to over 150% of the Base Amount only with shareholder approval. The amendment also provides that, in connection with a change of control of the Company, Mr. Madden will have the option of electing to receive one of the following severance packages: (i) the compensation (salary, bonus and expense allowance) for the full term remaining under the Employment Agreement in a lump sum discounted back to present value at a rate of 5% or (ii) the payment that was originally provided for in connection with a change of control, as amended by the Stipulation. In addition, the Company will be obligated to make gross-up payments if any payment made to Mr. Madden is subject to an excise tax.

Defendants have determined to take such actions, in part, in response to the commencement of the Action.

## CONSEQUENCES OF SETTLEMENT APPROVAL

Plaintiff and Defendants have submitted for judicial approval the Settlement that, if approved by the Court, will result in total and final settlement of the Action. If approved by the Court, the Settlement would release Defendants from, and permanently bar all of the Company's stockholders from asserting, any and all claims, rights, causes of action, suits, matters and issues, known or unknown, liquidated or unliquidated, contingent or absolute, state or federal (including, without limitation, claims arising under the federal securities laws and the rules and regulations thereunder), in law or equity, that have been, could have been, or in the future could be, asserted by (a) the Company, (b) any person acting or purporting to act on behalf of the Company, (c) the Plaintiff or (d) any successors or assigns of the parties listed in

-8-

subsections (a) through (c) (the persons and entities referred to in subsections (a) through (d) shall be referred to collectively as the "Releasors"), either directly, indirectly, derivatively, or in any other capacity, against individual defendant Steven Madden, the Director Defendants, individually or collectively, the Company or against any of their respective present or former directors, officers, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, commercial bankers, insurers, reinsurers, trustees, parents, affiliates, subsidiaries, general and limited partners, heirs, executors, personal representatives, administrators, successors and assigns, or anyone else (collectively, the "Released Parties"), in connection with, arising out of, concerning or relating to, directly or indirectly, the subject matter of the Action, or any of the acts, facts, decisions, events, transactions or occurrences alleged in any pleading filed by any party in the Action, or which could have been asserted against any of the Released Parties in connection with the Action, whether arising under any state or federal, statutory, regulatory or common law or otherwise, shall be compromised, settled, withdrawn, retracted, released and forever discharged and dismissed with prejudice upon and subject to the following conditions.  The claims, rights, causes of action, suits, matters and issues to be compromised, settled, withdrawn, retracted, released and forever discharged and dismissed hereunder are referred to as the "Settled Claims."

## ATTORNEYS' FEES

If the Settlement is approved by the Court, Plaintiff, through counsel, intends to apply to the Court for an award of attorneys' fees and actual expenses not to exceed a total of $400,000, including all costs.  Notwithstanding the foregoing, it is understood and agreed by the Parties that such fees and expenses shall be paid solely from the funds, if any, attributable to payments received from the Company's directors and officers' liability insurance carriers.

## SETTLEMENT HEARING

The Court has scheduled a Settlement Hearing, which will be held on _____, 2003 at __ _.m., before the United States District Court for the Eastern District of New York, to: (a) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Company and its stockholders and should be approved by the Court, and whether an Order and Final Judgment (the "Final Judgment") as provided in the Stipulation should be entered dismissing the Action with prejudice and extinguishing and releasing the Settled Claims; (b) rule on the application of Plaintiff's counsel for an award of attorneys' fees and actual expenses incurred in the prosecution of the Action; (c) hear and determine any objections to the proposed Settlement; and (d) rule on such other matters as the Court may deem appropriate.

The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the Parties to the Action. The Court may approve the Settlement with or without modification, enter the Final Judgment, and order the payment of attorneys' fees and expenses without further notice of any kind.

## RIGHT TO APPEAR AND OBJECT AT SETTLEMENT HEARING

Any stockholder of the Company may appear at the Settlement Hearing, in person or by counsel, and show cause why the proposed Settlement should not be approved as fair, reasonable, adequate and in the best interests of the Company and its stockholders, why Plaintiff's counsel should not be awarded reasonable attorneys' fees and expenses, or why the proposed Final Judgment should not be entered dismissing the Action with prejudice and extinguishing and releasing the Settled Claims as provided for in the Stipulation; provided that no person shall be heard or be entitled to contest the approval of the terms and conditions of the

proposed Settlement, the attorneys' fees and expenses requested, or, if approved, the Final Judgment to be entered approving the same, unless no later than ten (10) days before the Settlement Hearing, that person has served, by hand or by first class mail, (a) a notice of intention to appear; (b) a detailed statement of such person's objections to any matter before the Court, which shall (i) contain a statement of all the grounds therefor or the reasons for such person's desiring to appear and be heard, (ii) include true and correct copies of the documents and writings which such person desires the Court to consider, and (iii) identify the witnesses that such person may call to testify at the Settlement Hearing, upon each of the following counsel of record:

Laurence D. Paskowitz, Esq.
Goodkind, Labaton, Rudoff & Sucharow LLP
100 Park Avenue
New York, NY 10007

Attorneys for Plaintiff

Dennis J. Block, Esq.
Cadwalader, Wickersham & Taft LLP
100 Maiden Lane
New York, NY 10038

Attorneys for Jamieson Karson, Charles
Koppelman, Arvind Dharia, John L. Madden,
Peter Migliorini, Heywood Wilansky
and Steven Madden, Ltd.

Jonathan J. Lerner, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Attorneys for Steven Madden

Joseph S. Allerhand, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Attorneys for Rhonda J. Brown
and Steven Madden, Ltd.

Said materials, along with proof of service upon said counsel, shall be filed with the Clerk of Court of the United States District Court for the Eastern District of New York.

Unless the Court otherwise directs, no person will be entitled to object or otherwise be heard with respect to the matters before the Court, except by filing and serving written objections as described above. Any person who fails to object in the manner set forth above will be deemed to have waived the right to object (including the right to appeal) and will be forever barred from raising such objection in this or any other action or proceeding.

## ORDER AND FINAL JUDGMENT OF THE COURT

If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Company, the parties will ask the Court to enter the Final Judgment, which will, among other things, dismiss the Action with prejudice, release the Settled Claims against the Released Parties and award attorneys' fees and expenses to Plaintiff's counsel in an amount that is not to exceed $400,000.

## INTERIM STAY AND INJUNCTION

All discovery and other proceedings in the Action are stayed and suspended until further Order of the Court. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no stockholder or any other person or entity may institute, commence or prosecute any action or proceeding (a) in which said person or entity is acting or purporting to act on behalf of the Company and (b) which involves any claim (i) which has been or could have been asserted in the Action, or (ii) which arises out of or in any way relates to any

-12-

acts, facts, transactions, representations, omissions or other subject matter set forth, alleged, embraced or otherwise referred to in the complaints in the Action or in the Stipulation.

## NOTICE TO PERSONS OR ENTITIES
## HOLDING OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held the Company's shares of record for the benefit of others as of the date hereof are requested promptly to send this Notice to all of their respective beneficial owners. The Company will reimburse the record holders for the cost of forwarding this Notice to beneficial owners. If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such additional copies may be made to the Company's transfer agent at the following address:

**[Name and Address of Transfer Agent]**

In the alternative, record holders may forward the names and addresses of the beneficial owners to the Company's transfer agent, at the foregoing address, who will cause the Notice to be sent.

## SCOPE OF THIS NOTICE

This Notice does not purport to be a comprehensive description of the Action, the complaints, the terms of the Settlement or the Settlement Hearing. For a more detailed statement of the matters involved in the Action, reference is made to the pleadings, the Stipulation, the Orders entered by the Court and other papers filed in the Action, which may be inspected at the Office of the Clerk of Court of the United States District Court for the Eastern District of New York, _____, during regular business hours of each business day. DO NOT WRITE OR TELEPHONE THE COURT.

-13-

ENTERED BY ORDER OF THE DISTRICT
COURT

_____

United States District Judge

_____

Clerk of the Court

DATED: _____, 2003

-14-

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

PEDRO HERRERA,

                Plaintiff,

    -against-

STEVEN MADDEN,

                Defendant,

    -and-

STEVEN MADDEN, LTD.,

                Nominal Defendant.

Civ. No. 00-5803 (JG)

---

PEDRO HERRERA,

                Plaintiff,

    -against-

JAMIESON KARSON, et al.,

                Defendants,

    -and-

STEVEN MADDEN, LTD.,

                Nominal Defendant.

Civ. No. 01-7868 (JG)

---

## ORDER AND FINAL JUDGMENT OF
## DISMISSAL OF DERIVATIVE ACTION

        This matter having come before the Court on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation") dated July 18, 2003, and the exhibits attached thereto relating to

the above-captioned consolidated actions (the "Action"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises, and the entire matter of the proposed settlement having been heard and considered by the Court,

IT IS HEREBY ORDERED this _____ day of _____ 2003, that:

1.    For the purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions in the Stipulation.

2.    Proof of mailing of the "Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear" (the "Notice") having been filed with the Court by Defendants, the Court finds that the Notice given to stockholders of Steven Madden, Ltd. (the "Company"), pursuant to and in the manner directed by the Scheduling Order with Respect to Notice and Settlement Hearing, fully and accurately informed the Company's stockholders of all material elements of the Action and proposed Settlement, and constituted valid, due and sufficient notice to all shareholders of the Company, complying fully with due process and with Rule 23.1 of the Federal Rules of Civil Procedure, and was the best notice practicable under the circumstances.

3.    The Court approves the Settlement of the Action in accordance with the Stipulation, finds that the Settlement of the Action in all respects is fair, reasonable, adequate and in the best interests of the Company and its stockholders, and directs implementation of all its terms and provisions.

4.    The Court dismisses the Action and causes of action and claims therein with prejudice.

5.    Any and all claims, rights, causes of action, suits, matters and issues, known or unknown, liquidated or unliquidated, contingent or absolute, state or federal

(including, without limitation, claims arising under the federal securities laws and the rules and regulations thereunder), in law or equity, that have been, could have been, or in the future could be asserted by (a) the Company, (b) any person acting or purporting to act on behalf of the Company, (c) the Plaintiff, or (d) any successors or assigns of the parties listed in subsections (a) through (c) (The persons and entities referred to in subsections (a) through (d) shall be referred to collectively as the "Releasors"), either directly, indirectly, derivatively, or in any other capacity, against individual defendant Steven Madden, the Director Defendants (as defined in the Stipulation), the Company or against any of their respective present or former directors, officers, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, commercial bankers, insurers, reinsurers, trustees, parents, affiliates, subsidiaries, general and limited partners, heirs, executors, personal representatives, administrators, successors and assigns, or anyone else (collectively, the "Released Parties"), in connection with, arising out of, concerning or relating to, directly or indirectly, the Settled Claims (as defined in the Stipulation) are compromised, settled, withdrawn, retracted, released and forever discharged and dismissed with prejudice.

6.     The Court bars and permanently enjoins Releasors (as defined in the Stipulation) from asserting any of the Settled Claims against any of the Released Parties.

7.     Plaintiff's counsel is hereby awarded attorneys' fees in the amount of $_____, inclusive of all costs and expenses, which amount the Court finds to be fair and reasonable, to be paid in accordance with the terms set forth in the Stipulation.

8.    This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts or wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any presumption or inference that there is liability therefor.

_____
United States District Judge