*[handwritten: So Ord. 6/2/04]*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO HERRERA,<br><br>                Plaintiff,<br><br>-against-<br><br>STEVEN MADDEN,<br><br>                Defendant,<br><br>-and-<br><br>STEVEN MADDEN, LTD.,<br><br>                Nominal Defendant. | Civ. No. 00-5803 (JG) |
| PEDRO HERRERA,<br><br>                Plaintiff,<br><br>-against-<br><br>JAMIESON KARSON, et al.,<br><br>                Defendants,<br><br>-and-<br><br>STEVEN MADDEN, LTD.,<br><br>                Nominal Defendant. | Civ. No. 01-7868 (JG) |

**AMENDED ORDER AND FINAL JUDGMENT OF
DISMISSAL OF DERIVATIVE ACTION**

        This matter having come before the Court on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation") dated July 16, 2003, and the exhibits attached thereto relating to the above-

captioned consolidated actions (the "Action"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises, and the entire matter of the proposed settlement having been heard and considered by the Court,

IT IS HEREBY ORDERED this 1st day of June 2004, that:

1. For the purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions in the Stipulation.

2. Proof of mailing of the "Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear" (the "Notice") having been filed with the Court by Defendants, the Court finds that the Notice given to stockholders of Steven Madden, Ltd. (the "Company"), pursuant to and in the manner directed by the Scheduling Order with Respect to Notice and Settlement Hearing, fully and accurately informed the Company's stockholders of all material elements of the Action and proposed Settlement, and constituted valid, due and sufficient notice to all shareholders of the Company, complying fully with due process and with Rule 23.1 of the Federal Rules of Civil Procedure, and was the best notice practicable under the circumstances.

3. The Court approves the Settlement of the Action in accordance with the Stipulation, finds that the Settlement of the Action in all respects is fair, reasonable, adequate and in the best interests of the Company and its stockholders, and directs implementation of all its terms and provisions.

4. The Court dismisses the Action and causes of action and claims therein with prejudice.

5. Any and all claims, rights, causes of action, suits, matters and issues, known

or unknown, liquidated or unliquidated, contingent or absolute, state or federal (including, without limitation, claims arising under the federal securities laws and the rules and regulations thereunder), in law or equity, that have been, could have been, or in the future could be asserted by (a) the Company, (b) any person acting or purporting to act on behalf of the Company, (c) the Plaintiff, or (d) any successors or assigns of the parties listed in subsections (a) through (c) (The persons and entities referred to in subsections (a) through (d) shall be referred to collectively as the "Releasors"), either directly, indirectly, derivatively, or in any other capacity, against individual defendant Steven Madden, the Director Defendants (as defined in the Stipulation), the Company or against any of their respective present or former directors, officers, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, commercial bankers, insurers, reinsurers, trustees, parents, affiliates, subsidiaries, general and limited partners, heirs, executors, personal representatives, administrators, successors and assigns, or anyone else (collectively, the "Released Parties"), in connection with, arising out of, concerning or relating to, directly or indirectly, the Settled Claims (as defined in the Stipulation) are compromised, settled, withdrawn, retracted, released and forever discharged and dismissed with prejudice.

6. The Court bars and permanently enjoins Releasors (as defined in the Stipulation) from asserting any of the Settled Claims against any of the Released Parties.

7. Plaintiff's counsel is hereby awarded attorneys' fees in the amount of $400,000, inclusive of all costs and expenses, which amount the Court finds to be fair and reasonable, to be paid in accordance with the terms set forth in the Stipulation.

8. This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts or wrongdoing have been committed by any of the Parties to the

Action and should not be deemed to create any presumption or inference that there is liability therefor.

9. This Order and Final Judgment disposes of all the claims against Defendants. Accordingly, the Court directs the Clerk of Court to enter judgment forthwith in accordance with the terms of this Order.

So Ordered.

John Gleeson, U.S.D.J.

Dated: June 1, 2004
Brooklyn, New York